# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

LEROY BUCHHOLZ,

   Plaintiff,

CASE NO.: 4:13-cv-00362

-VS-

VALARITY, L.L.C,

   Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(c)(2) because Defendant resides in this district and is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Missouri, residing in Lee County, Florida

5. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

8. Defendant, Valarity, L.L.C (hereinafter "Valarity"), is a corporation and a citizen of the State of Missouri with its principal place of business at 625 Maryville Centre Drive, Suite 10, Saint Louis, MO, 63141.

9. Defendant Valarity is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

11. Defendant followed their corporate policy when attempting to collect and communicate with the Plaintiff.

12. Defendant called the Plaintiff approximately five hundred (500) times over the past year and a half, in an attempt to collect a debt.

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

15. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

17.     In or about the beginning of June 2011, Plaintiff began receiving automated calls to his cellular telephone, (417) 559-9754, from the Defendant, Valarity, a debt collection company.

18.     When Plaintiff was able to reach an agent of representative of the Defendant, they would ask Plaintiff for his Social Secuirty Number.  Plaintiff informed Defendant that he would not release personal information to an anonymous caller and that Defendant needed to identify themselves, the purpose of their call or send Plaintiff a letter regarding the substance of the caller.  Defendant informed Plaintiff they would continue to contact him until he revealed his social security number. The Defendant would respond that they would not stop calling until Plaintiff give them his Social Security Number

19.     In or about June and July 2011, on approximately five (5) separate occasions, Plaintiff answered Defendant's call, waited until he was connected with an agent or representative, and was again asked for his Social Security number.  Plaintiff, again, would respond asking the caller to identify themselves, or mail him a letter, and to "Stop calling me, and do not call me again." Defendant replied that they would continue to call until they received his Social Security Number.

20.     The Plaintiff has returned Defendant's calls to numbers 877-249-2168 and 877-250-6272, and the Defendant's agent and/or representative identified themselves as "Valarity."

21.     Phone calls between the Plaintiff and Defendant begin with an automated recording asking Plaintiff to hold for the next available customer service representative.

22.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

23.     Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse.

24. Plaintiff has received approximately five hundred (500) calls in total from the Defendant, which are continuing through the filing of this complaint. (Please see call log of recent calls, attached hereto as **Exhibit A**.)

25. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

26. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

27. Defendant's corporate policy and procedures provided no means for the Plaintiff to have his number removed from the call list.

28. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

29. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

30. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

31. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

32. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff incorporates Paragraphs one (1) through thirty-one (31).

4

34. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violations of the FDCPA)

35. Plaintiff incorporates Paragraphs one (1) through thirty-one (31).

36. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

37. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

38. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

39. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

40. Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                                        Respectfully submitted,

                                        /s/ D. Todd Mathews_____
D. Todd Mathews, # 52502
Gori Julian & Associates, P.C.
156 N. Main St.
Edwardsville, IL  62025
Tele: (618) 659-9833
Fax: (618) 659-9834
todd@gorijulianlaw.com

*/s/William Peerce Howard*
William Peerce Howard, Esquire
Morgan & Morgan, Tampa,  P.A.
201 North Franklin Street
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  0103330
bhoward@forthepeople.com
Attorney for Plaintiff