UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY BUCHHOLZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV362 TIA |
| ) | |
| VALARITY, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 28), Defendant's Motion to Strike Plaintiff's Amended Response to Request for Admissions (as to Number 2 only) (ECF No. 41), and Plaintiff's Motion for Summary Judgment (ECF No. 44). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

This case stems from phone calls placed by Defendant Valarity, LLC to Plaintiff in an attempt to collect a debt that Plaintiff allegedly owed to Mercy Clinic Family Medicine Branson West ("Mercy") for treatment by Dr. Paul Geiger. (Def.'s Statement of Uncontroverted Material Facts ["SUMF"] ¶¶ 5, 19, 22, ECF No. 30) According to Defendant, Plaintiff provided his cell phone number to Mercy in connection with the intake information that Mercy requested. (Id. at ¶ 8) In addition, Defendant contends that Plaintiff owes a debt to Mercy for visits to Dr. Geiger in the amount of $354; however, Plaintiff claims that he had not been informed of any outstanding balance in connection with Dr. Geiger's office and/or Mercy. (Id. at ¶ 17; Pl.'s Statement of Genuine Issues ¶ 17, ECF No. 43) Mercy placed Plaintiff's debt with Defendant Valarity for collection and sent Defendant an Electronic Data Placement file containing Plaintiff's past due

accounts, including Plaintiff's contact information with his cellular phone number. (Def.'s SUMF ¶¶ 18-21) From November 30, 2011 through March 11, 2013, Defendant attempted to contact Plaintiff via his cellular phone 233 times to collect the debt owed to Mercy. (Id. at ¶ 22; Pl.'s SUMF ¶ 14, ECF No. 46) Defendant placed the calls using an automated telephone dialing system ("ATDS"), and none of the calls were for "emergency purposes." (Pl.'s SUMF ¶¶ 15-16, ECF No. 46) Plaintiff contends that he never received written correspondence from Defendant regarding the alleged debt; however, Defendant maintains that Plaintiff instructed his postmaster not to deliver mail to his home other than his electric, phone, rent, and water bills. (Id. at ¶ 32; Def.'s Response to Pl.'s SUMF ¶ 32, ECF No. 58) Plaintiff also instructed the Defendant to stop calling his cell phone, but Defendant continued to call. (Pl.'s SUMF ¶¶ 33-36, ECF No. 46)

On February 26, 2013, Plaintiff filed a Complaint in federal court alleging that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by repeatedly placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone system or prerecorded or artificial voice without Plaintiff's prior express consent (Count I). Plaintiff also alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; by attempting to collect on a debt from the plaintiff which he does not owe; and by using unfair and unconscionable means to collect or attempt to collect any debt (Count II).

On January 8, 2014, Defendant filed a Motion for Summary Judgment arguing that

2

Defendant is entitled to judgment as a matter of law on Plaintiff's TCPA claim because Plaintiff gave prior express consent to be contacted on his cell phone. In addition, Defendant maintains that summary judgment is proper on Plaintiff's FDCPA claim because Defendant did not engage in harassing, oppressive, or abusive conduct in connection with the collection of a debt; Defendant did not make telephone calls to Plaintiff with the intent to annoy, oppress, or harass; and Defendant attempted to collect a debt that Plaintiff actually owed. Plaintiff filed a summary judgment motion as well on March 28, 2014, asserting that no genuine issue of material fact exists on Plaintiff's TCPA claim because Defendant placed 233 calls to Plaintiff's cell using an automated telephone dialing system, 221 of which were after he told Defendant to stop calling. Plaintiff also claims that he is entitled to partial summary judgment on the FDCPA claim.

## **Legal Standards**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine

3

dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. Anderson, 477 U.S. at 249; Celotex, 477 U.S. at 324. Self-serving, conclusory statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. O'Bryan v. KTIV Television, 64 F.3d 1188, 1191 (8th Cir. 1995).

## Discussion

### I. Motions for Summary Judgment on Plaintiff's TCPA Claim

Defendant first argues that no genuine issue of material fact exists with regard to Plaintiff's TCPA claim because Plaintiff gave prior, express consent allowing contact via his cell phone. Defendant contends that Plaintiff signed and dated a "Consent for Physician Services" form indicating consent to Mercy and collection agencies to contact him about his account using cell phone numbers provided by Plaintiff. (Def.'s SUMF Ex. C, ECF No. 30-3) Plaintiff, on the other hand, claims that he is entitled to judgment as a matter of law on his claim that Defendant violated the TCPA by placing over 200 calls to Plaintiff's cell phone. Plaintiff asserts that he does not know if he signed the consent document. (Pl.'s Statement of Genuine Issues ¶ 13, ECF No. 43) Further, Plaintiff argues that both Defendant and Mercy are unable to produce any document indicating that Plaintiff provided his cell phone number to either entity. (Pl.'s SUMF ¶ 20, 22,

4

ECF No. 46)

The pertinent provision of the TCPA makes it unlawful for any person within the United States:

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice – to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). Here, both parties have submitted affidavits and deposition excerpts in support of their opposing positions. After thorough review of the parties' briefs and the exhibits attached thereto, the undersigned finds that whether Plaintiff provided Mercy with his cell number is an issue of material fact which precludes summary judgment on the TCPA claim. See Moore v. CCB Credit Servs., Inc., No. 4:11CV2132 RWS, 2013 WL 211048, at *6 (E.D. Mo. Jan. 18, 2013) (denying summary judgment on the factual issue of whether the plaintiff provided the creditor with her cell phone number, which creditor in turn provided to a third-party collector). As a result, the Court will deny both the Defendant's Motion for Summary Judgment and the Plaintiff's Motion for Summary Judgment.

## II. Motions for Summary Judgment on Plaintiff's FDCPA Claim

Next, Defendant argues that it is entitled to summary judgment on Plaintiff's claim that Defendant violated the FDCPA because it did not engage in harassing, oppressive, or abusive conduct in connection with collecting a debt; did not make telephone calls to Plaintiff with the intent to annoy, oppress, or harass; and did attempt to collect a debt actually owed by Plaintiff. On the other hand, Plaintiff asserts that he is entitled to partial summary judgment on his FDCPA claim. Plaintiff contends that the facts are sufficient to find Defendant's conduct harassing,

oppressive, and abusive under the FDCPA due to the outrageous call volume and the pattern of harassment, as well as the request for personal information. In addition, Plaintiff asserts that he requested identifying letters from Defendant, but Defendant never sent such letter.

Under the FDCPA, 15 U.S.C. § 1692d(5):

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

Here, while Defendant argues that Plaintiff cannot, as a matter of law, establish that Defendant intended to harass, oppress, or abuse Plaintiff, the Court finds that genuine issues of material fact exist regarding whether Defendant violated the FDCPA.

Whether conduct is harassing, oppressive, or abusive is ordinarily a question for a jury. Morrow v. Weinerman & Assoc., LLC, Civil No. 11-104 (RHK/LIB), 2011 WL 4472651, at *5 (D. Minn. Sept. 26, 2011) (citation omitted). Similarly, whether the number of calls and the pattern of those calls violates the FDCPA is question of fact. Id.; see also Strom v. Nat'l Enter. Sys., Inc., No. 09–CV–0072A(F), 2011 WL 1233118, at *9 (W.D.N.Y. March 30, 2011) ("[W]hether the amount of calls constitutes harassment under § 1692d(5) is a question for the jury."). While some courts have found that allegations of numerous calls made to a debtor without oppressive conduct fail to state a claim under § 1692d, the Court finds that whether Defendant's conduct was harassing in this particular case should be determined by a jury. Morrow, 2011 WL 4472651, at *5; but see, Moore v. CCB Credit Servs., Inc., No. 4:11CV2132

6

RWS, 2013 WL 211048, at *4 (E.D. Mo. Jan. 18, 2013) (granting summary judgment in favor of the debt collector and noting decisions by other courts that found the number of calls insufficient to establish a violation of § 1692d).

Here, the Plaintiff alleges that Defendant placed 233 calls to Plaintiff's cell phone between November 30, 2011 and March 11, 2013 and three times a day on several occasions.[1] (Pl.'s SUMF ¶¶ 14, 27-29, ECF No. 46) In addition, Defendant called Plaintiff 210 times after March 6, 2012, the second time he told Defendant to stop calling him. (Id. at ¶ 36) The Court finds that, based on Plaintiff's allegations in this case, summary judgment is not appropriate, and a jury should determine whether Defendant's conduct violated the FDCPA. Therefore, the undersigned will deny both parties' motions for summary judgment on Plaintiff's FDCPA claim.

The Court also notes the pending Motion to Strike Plaintiff's Amended Response to Request for Admissions (as to Number 2 Only) (ECF No. 41). Because Defendant seeks to exclude this evidence in a motion in limine, the undersigned will deny the pending motion to strike as moot and will address the motion in limine prior to trial

Accordingly.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 28) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 44) is **DENIED.**

---

[1] The undersigned notes that calls made before February 26, 2012 are outside the FDCPA's one (1) year statute of limitations, and the Court therefore will not consider the calls placed prior to that date. 15 U.S.C. § 1692k(d). Plaintiff acknowledges that Defendant called him 217 times after February 26, 2012.

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike Plaintiff's Amended Response to Request for Admissions (as to Number 2 Only) (ECF No. 41) is **DENIED as MOOT.**

/s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE

Dated this   25th   day of  June  , 2014.