THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY BUCHHOLZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV362 TIA |
| | ) | |
| VALARITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Leroy Buchholz filed this action[1] alleging that Defendant Valarity, LLC violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and willfully violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by repeatedly calling his cell phone in connection with an unpaid medical bill. Now before the Court are the parties' Joint Motion for Clarification of the Court's Order of June 25, 2014, (ECF No. 93); Defendant's Renewed Motion to Strike Plaintiff's Amended Response to Request for Admission No. 2, (ECF No. 94); and Defendant's Motion for Reconsideration of the Court's Order of June 25, 2014, (ECF No. 97). The motions have been fully briefed.

For the reasons set forth below, the Court will grant Defendant's Renewed Motion

---

1 The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

1

to Strike Plaintiff's Amended Response to Request for Admission No. 2, grant the Joint Motion for Clarification of the Court's Order of June 25, 2014, and deny Defendant's motion for reconsideration of the denial of its motion for summary judgment with respect to the TCPA claim.

I. **Background**

This case stems from Defendant's use of an automatic telephone dialing system ("ATDS") to repeatedly call Plaintiff's cell phone in an attempt to collect a $354 debt Plaintiff owed to Mercy Clinic Family Medicine Branson West ("Mercy") for healthcare services provided by Dr. Paul Geiger, a physician associated with Mercy. (D.'s Statement of Uncontroverted Material Facts, (ECF No. 30 ¶¶ 5, 19, 22); (D.'s Response to Plaintiff's Request for Admission No. 10, (ECF No. 46-6.) Plaintiff was seen by Dr. Geiger on several occasions between November 30, 2010 and April 10, 2012. (ECF No. 46-5.)

Pursuant to an agreement with Defendant, Mercy assigns delinquent accounts to Defendant for the purpose of debt collection. (ECF No. 30-2 at 11.). Mercy placed Plaintiff's debt with Defendant for collection and sent Defendant an Electronic Data Placement file containing Plaintiff's past due accounts and Plaintiff's cell phone number. (D's SUMF ¶¶ 18-21); (ECF No. 46-4 p. 83 ll. 6-9.)

Defendant placed the disputed calls to Plaintiff's cell phone number in an attempt to collect a balance associated with Plaintiff's visits to Dr. Geiger, on October 12, 2011 and April 10, 2012. (D.'s Response to Plaintiff's Request for Admission Nos. 2, & 9;

(ECF No. 46-6.) None of the calls Defendant placed to Plaintiff were for "emergency purposes" within the meaning of 47 U.S.C §227(b) (1) (A). (ECF No. 9 at ¶ 31.)

Defendant asserts that it obtained Plaintiff's cell phone number in connection with intake information, including a "Consent for Physician Services" form ("Consent Form"). Mercy requests when a patient first presents for treatment. D's SUMF at ¶ 8. It is undisputed, however, that Plaintiff's cell phone number does not appear on the Consent Form.[2] To date, neither Mercy nor Defendant has produced any document showing that Plaintiff provided his cell phone number to either Mercy or to Defendant, (ECF No. 43-2 p. 8 ll. 1-11; p. 26 ll. 3-12); (ECF No. 46-4 p. 78 ll. 16-21; p. 82 ll. 11-14); (ECF No. 46-8), and the exact manner in which Mercy obtained Plaintiff's telephone number is unknown. (ECF No. 43-2 p. 25 ll. 24-25; p.26 ll. 1-14; p. 36 ll. 6-15; p. 36 ll. 16-21; p 38 ll. 25; p. 39 ll. 1-7 & 10-15.)

Nonetheless, Defendant points to the Consent Form as evidence that Plaintiff

---

2   The relevant portion of the Consent Form provides as follows:

> 12. Phone Calls: I authorize Mercy and its collection agencies to contact me, or a representative I appoint, about my account *including using any contact information or cell phone numbers I provide, or that is available to facility by obtaining a credit report on me*. I authorize contact with me by telephone, voice messages and text messages, and authorize the use of automated dialing technology and pre-recorded messages, even if I am charged for the call under my phone plan. *I agree such contact will not be "unsolicited" for purposes of local, state or federal law*. I further agree that the facility and its collection agencies may monitor and/or record any communications with me.

(ECF No. 30-3, ¶12 (emphasis supplied)).

consented to receive calls on his cell phone for purposes of collecting any debt owed Mercy for medical services.[3]

Pursuant to Defendant's policy, obtaining either the "last four digits of the called party's social security number or his date of birth is the only acceptable means to identify the responsible party. (ECF No. 46-11, p. 34 ll. 1-9; p. 35 ll. 3-8.). This method of confirming the identity of the called party is not required under the FDCPA. *Id*. at p. 34 ll. 1-9; p. 35 ll. 3-8. Defendant does not have a policy or procedure limiting the number of times an individual is called in a single day or prohibiting calls on consecutive days. (ECF No. 46-4, p.4 ll. 5-7.)

Defendant placed 233 calls to Plaintiff's cell phone from November 30, 2011 through March 11, 2013. (ECF No. 46-7.) Plaintiff answered Defendant's calls on five occasions. (ECF Nos. 46-9 & 46-10.) On November 30, 2011, during a conversation with Defendant, Plaintiff informed Defendant that he did not wish to release personal information over the telephone. Plaintiff asked Defendant to mail him a letter or find another way to contact him. (ECF No. 46-10, p. 2-3); (ECF No. 46-12.) Defendant's records indicate that on January 23, 2012, during a conversation with Defendant, Plaintiff asked but Defendant refused to identify the purpose of the call unless Plaintiff confirmed his date of birth. Plaintiff informed Defendant that would not disclose personal

---

3  Plaintiff originally admitted that he had signed the Consent Form but just before the close of discovery attempted to change that admission, asserting that he could neither admit nor deny that the signature on the form was his.

information out over the phone and told the Defendant to "stop calling [him]." (ECF No. 46-11, p. 5-6.) This impasse occurred on several occasions.

Plaintiff received 221 additional calls from Defendant after the January 23, 2012 call. (ECF No. 46-12.) Defendant's records for March 6, 2012, indicate that Plaintiff again told the Defendant to stop calling him. (ECF No. 46-11, p. 7); (ECF No. 46-12.)

During each of the five documented conversations between Plaintiff and Defendant, Plaintiff identified himself as "Leroy" and/or "Leroy Buchholz." (ECF No. 46-11.) Defendant asserts that it continued to call Plaintiff, despite his requests that the calls stop, because Defendant's policies and procedures required that the contacted individual confirm his or her identity. (ECF No. 46-4, p. 92 ll. 25; p. 93 ll. 1-5.)

On February 26, 2013, Plaintiff filed this suit alleging in Count I that Defendant violated the TCPA by repeatedly placing non-emergency telephone calls to Plaintiff's cell telephone using an automatic telephone system or prerecorded or artificial voice without Plaintiff's prior express consent, and in Count II that Defendant violated the FDCPA by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; by attempting to collect on a debt from the plaintiff which he does not owe; and by using unfair and unconscionable means to collect or attempt to collect any debt. *See* 15 U.S.C. §§ 1692(d)(5),(e)(2)(a) & (f).

Following a period of discovery, the parties filed cross motions for summary judgment and the Court denied both motions finding there was a genuine dispute of material fact whether Plaintiff had given his consent to be contacted by a debt collector. (ECF No. 90.) At that time the Court also denied as moot Defendant's Motion to Strike Plaintiff's Amended Response to Request for Admission No. 2 (ECF No. 41) in light of the filing of Defendant's Motion *in Limine* (ECF No. 82) to prevent Plaintiff from introducing the purported amended admission at trial. *See* (ECF No. 90, at 7.)

II.     **Defendant's Renewed Motion to Strike**

Defendant renews its Motion to Strike Plaintiff's Amended Response to Request for Admission No. 2, asserting that modification of Plaintiff's original admission is procedurally and substantively impermissible under Federal Rule of Civil 36. Furthermore, in the event that the Court declines to strike that response, Defendant seeks leave to conduct additional discovery on the limited issue of whether Plaintiff's signature on the "Consent for Physician Services" form is genuine.

   A.     Background

On July 31, 2013, Defendant served its First Requests for Admission on Plaintiff. Request No. 2 asked Plaintiff to "[a]dmit you signed the [Consent for Physician Services form]." On September 3, 2013, Plaintiff served his response stating, "[a]dmitted." Thereafter, when Plaintiff was asked during his October 21, 2013 deposition whether he had signed the Consent Form, Plaintiff responded "I believe that's my signature;" "it looks like [my signature.]; "[m]y signature varies depending on how stiff my fingers are;"

and "[i]t may not be mine." (Buchholz Dep., ECF No. 94-3, p.51-52.)

On January 8, 2014, Defendant moved for summary judgment on the TCPA claim arguing that Plaintiff gave prior express consent to be contacted on his cell phone. Defendant also moved for summary judgment on Plaintiff's FDCPA claim asserting that the record failed to establish: harassing, oppressive, or abusive conduct in connection with the collection of a debt; that Defendant intended to annoy, oppress, or harass; and Defendant also moved for judgment on the FDCPA claim asserting that it merely attempted to collect a debt that Plaintiff actually owed.

On March 28, 2014, Plaintiff also moved summary judgment motion on Count I, the TCPA claim, asserting that the undisputed record establishes that Defendant used an automated telephone dialing system to place 233 calls to Plaintiff, 221 of which were made after Plaintiff revoked his consent to be contacted by instructing Defendant to stop calling him and therefore that Defendant violated the TCPA. (ECF No. 45.) Plaintiff also asserts that he is entitled to partial summary judgment on Count II, the FDCPA claim, because Defendant has offered no evidence establishing that he consented to contact in connection with this particular debt. In the alternative, Plaintiff argued that even if he had consented to receive such calls, Defendant's conduct in calling him 221 times after he had asked Defendant to stop calling him was, as a matter of law, harassing, and oppressive conduct. See 15 U.S.C § 1692

In addition, on March 28, 2014, the same day that that he moved for summary judgment, on the final day of the discovery period and nearly eight months after serving

7

his original response, Plaintiff served Defendant with an Amended Response to Request for Admission No. 2, stating that he was "[u]nable to admit or deny" that he had signed the Consent Form. (ECF No. 41-4.)

    B.    <u>Applicable Law</u>

Rule 36(a) (4) provides as follows:

> Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. The answering party may assert a lack of knowledge or information as a reason for failing to admit or deny ***only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.***

Fed. R. Civ. P. 36(a) (4) (emphasis supplied). In addition, under Rule 36 a matter admitted is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). Therefore, in the absence of such a request, courts refuse to allow the attempt to withdraw or amend an admission. *See, e.g.*, *Quasius v. SchwanFood Co.*, 596 F.3d 947, 952 (8th Cir. 2010) (holding that in the absence of a filing indicating the party's intent to withdraw a previous admission, it was not an abuse of discretion for the district court to consider the admissions in resolving the motion for summary judgment); *Asea, Inc. v. S. Pacific Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) (holding that Rule 36 does not create a per se rule requiring a district court to permit withdrawal or amendment of an admission which relates to an important or dispositive matter).

    Moreover, because the purpose of Rule 36 is to expedite the discovery process by

identifying disputed issues, *Asea, Inc.,* 669 F.2d at 1245, courts require definite, unequivocal responses to requests for admission where the answering party is in a position to know whether he can admit or deny the request. *See, e.g.*, *S.L. v. St. Louis Metro. Police Dep't Bd. of Comm'rs*, No. 4:10-CV-2163 (CEJ), 2011 WL 63427901, at *2 (E.D. Mo. Dec. 19, 2011) (deeming an incomplete response admitted where the party failed to move the court for amendment and the court was "hard - pressed to believe" that the party was unable to provide a definite response to the request for admission); *Asea, Inc.*, 669 F.2d at 1245 (holding that Rule 36 requires a responding party to make a reasonable inquiry to determine the proper response to the request).

Whether to permit withdrawal or amendment of a previously admitted matter is a decision committed to the discretion of the trial court. *See* Rule 36 (b); *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). Rule 36 (b) directs courts to consider both the "effect [of the amendment] upon the litigation and prejudice to the resisting party." *See id.,* 18 F.3d at 640 (internal quotation omitted). The prejudice contemplated by Rule 36 is the difficulty faced by the party opposing modification in proving the previously admitted matter and the overarching principle is to preserve truly disputed issues for determination on the merits. *Id*. (holding that presentation of the merits is not thwarted unless allowing an allegedly inaccurate initial admission to stand would ***completely preclude consideration of the merits*** of the case) (emphasis supplied)).

In this case, the legal principles governing the application of Rule 36 weigh in favor of Defendant's motion to strike Plaintiff's amended response. First, although

9

required to do so under Rule 36, Plaintiff has never requested leave of Court to withdraw his earlier admission nor made a filing that could be construed as a motion to withdraw the previous admission. *Quasius*, 596 F.3d at 952. In addition, Plaintiff nowhere represents that modification of the previous admission is the result of a "reasonable inquiry." S*ee Asea, Inc.*, 669 F.2d at 1245. And like the court in *S.L. v. St. Louis Metro. Police Dep't Bd. of Comm'rs*, this Court also is "hard- pressed to believe" that Plaintiff cannot attest to the authenticity of his own signature. 2011 WL 63427901, at *2. Plaintiff is clearly in the best position to know whether the signature on the Consent Form is his own, and thus it follows that after a reasonable inquiry he should be able to provide a definitive answer to Request for Admission No. 2. *Id*. Moreover, Defendant has demonstrated that it will be prejudiced if the Court allows Plaintiff to withdraw his earlier admission. Defendant proceeded through the entire discovery period and the mediation process on the assumption that Plaintiff admitted signing the Consent Form. Plaintiff's amended response came at the eleventh hour, and permitting it would substantially prejudice Defendant's ability to defend against Plaintiff's claim. Finally, as discussed in more detail below,[4] striking Plaintiff's amended response will not preclude a determination of Plaintiff's TCPA claim on the merits. *See Prusia*, 18 F.3d at 640. Therefore, Rule 36 concerns regarding the expedition of discovery and the narrowing of

---

4  The initial admission – that the signature on the Consent Form is Plaintiff's – establishes at most an element of "consent to contact," one of Defendant's affirmative defenses to the TCPA claim. However, because the Court concludes below that "consent to contact" may be revoked, striking the proposed amended response does not wholly preclude consideration of the merits of Plaintiff's TCPA claim.

10

issues for trial properly predominate over concerns about preserving issues for determination on the merits. For these reasons, the Court will grant Defendant's motion to strike Plaintiff's proposed Amended Response to Request for Admission No. 2 and Plaintiff's original response admitting the authenticity of the signature on the Consent Form therefore stands.

III. **Joint Motion for Clarification**

    A. *Brenner* and the Motion for Clarification

Following the Court's denial of the parties' cross motions for summary judgment; they sought an order clarifying whether a consumer may revoke prior express consent under the TCPA by way of an oral request that the debt collector cease calling him. (ECF No. 93.) In addition, Plaintiff filed the Eighth Circuit's unpublished decision in *Brenner v. Amer. Ed. Servs.*, No. 14-1340, 2014 WL 4783216 (8th Cir. Sep. 26, 2014), as supplemental authority in support of the request for clarification. (ECF No. 96.)

In *Brenner*, the plaintiff complained that the defendant violated the TCPA by continuing to call him on his cell phone after he had written a letter asking defendant to stop such calls. 2014 WL 4783216, at *1. In ruling on the defendant's motion for summary judgment, the district court failed to address the revocation issue raised by the letter. The district court entered judgment for the defendant because there was no genuine issue of material fact that the plaintiff had given prior express consent to receive the calls at issue.

Recognizing that it "ha[d] not yet addressed the issue of revocation," the Eighth Circuit reversed and remanded, directing the district court to consider whether the plaintiff had provided evidence to support his contention that he revoked his prior express consent. *Id*. Although *Brenner* specifically presented the issue of whether written revocation of consent is effective under the TCPA, the Eighth Circuit noted in its opinion the decisions of two other Circuit Courts of Appeal holding that the TCPA also permits oral revocation of prior express consent. *Id*. (citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014) (holding that oral revocation was possible under the TCPA) and *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270-72 (3d Cir. 2013) (same)). In the present case Plaintiff argues assertion that he twice requested that Defendant cease calling him and that under the TCPA these requests amounted to oral revocation of his consent to be contacted on his cell phone. In ruling on the parties' cross motions for summary judgment this Court did not explicitly address the revocation issue. In light of the Eighth Circuit's directive in *Brenner*, the Court grants the parties' request for a ruling on the revocation question and considers it below.

    B.    <u>Oral Revocation of Consent under the TCPA</u>

The TCPA is silent with respect to the issue of revocation. By contrast, section 1692(c) of the FDCPA explicitly permits revocation providing that if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communications with the consumer, the debt collector shall not communicate further with respect to such debt. *See, e.g.*, *Moore v. Firstsource Advantage, LLC*, No. 07-CV-770,

2011 WL 4345703, at *14 (W.D. N.Y. Sept. 15, 2011). Relying upon the TCPA's silence on the issue, some courts have held that the TCPA does not permit revocation, whether written or oral. *See, e.g.*, *Kenny v. Mercantile Adjustment Bur.,* No. 10-CV-1010, 2013 WL 1855782, at *7 (W.D.N.Y. May 1, 2013) (holding that the TCPA creates a "narrow statutory right not to receive automated calls on a cellphone. . . [and that one who] voluntarily gives it up need not have an opportunity to change his mind later; he has withdrawn from the protection of the statute"); *Saunders v. NCO Fin. Sys., Inc*., 910 F. Supp. 2d 464, 468-69 (E.D.N.Y. 2012); *Moore v.*, 2011 WL 4345703, at *14 (holding that a verbal request to cease debt collection calls to a cell phone is not sufficient to revoke prior express consent under the TCPA). In addition, some courts hold that consent may be revoked under the TCPA but that only written revocation will be effective. *Moltz v. Firstsource Advantage, LLC*, No. 08-CV-239S , 2011 WL 3360010, at *15 (W.D.N.Y. Aug. 3, 2011) (requiring that revocation of consent under the TCPA must be in writing); *Starkey v. Firstsource Advantage*, No. 07-CV-662ASR, 2010 WL 2541756, at *6 (W.D.N.Y. March 11, 2010) (holding that a verbal request to cease debt collection calls is sufficient under the TCPA).

Taking into account the broad remedial objectives of the TCPA, other courts have concluded that oral revocation is available under the statute. *See Beal v. Wyndham Vacation Resorts, Inc*., 956 F. Supp. 2d 962, 979-80 (D. Wis. 2013) (holding that the TCPA allows consumers to orally revoke their prior express consent); *Adamcik v. Credit Control Servs., Inc*., 832 F. Supp. 2d 744, 750-51 (W.D. Tex. 2011) (internal citation

omitted));Restatement (Second) of Torts § 892A cmt. i (holding that the TCPA allows consumers to revoke prior express consent to receive automated calls). And notably, the two Courts of Appeal that have addressed the issue of revocation under the TCPA have held that oral revocation of consent is consistent with the legislative history and broad remedial purposes of the statute, the common law principles relating to consent and revocation[5], and the Federal Communication Commission's (FCC) analysis of the revocation issue.[6] *See Osorio,* 746 F.3d at 1254-56; *Gager*, 727 F3d at 271-72.

Upon review of each of the aforementioned precedents, this Court is persuaded by the reasoning of the Third and Eleventh Circuits with respect to the availability of oral revocation and concludes that Plaintiff's assertion that he orally revoked his consent to be contacted on his cell phone is cognizable as a matter of law under the TCPA. *See Johnston v. USAA Fed. Sav. Bank*, No. 12-CV-02486-LTB-KLM, 2014 WL 5439965, at *3-4 (D. Colo. Oct. 27, 2014) (holding that "the weight of authority suggests that consent may be revoked under the TCPA and that if messages continue after consent is revoked,

---

5   Under the common law, consent is "given voluntarily." Black's Law Dictionary, 346 (9th ed. 2009); Restatement (Second) of Torts § 892 (stating that "[c]onsent is a willingness in fact for conduct to occur."). Further, at common law, consent may be withdrawn. *Id.*, at § 892A, cmt. i (1979) (stating that "consent is terminated when the actor knows or has reason to know that the other is no longer willing for him to continue the particular conduct."). *Gager*, 727 F.3d 270-71. Finally, "[c]ommon-law notions of consent generally allow oral revocation." *Osorio,* 746 F.3d at 1255 (internal quotation and citation omitted).

6   *See, e.g.*, *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 15391, 15398 (2012); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, SoundBite Comm., Inc.*, 27 FCC Rcd. 15391, 15397 ¶ 11 (Nov. 26, 2012).

those messages violate the TCPA") (internal quotation omitted)).

IV. **Defendant's Motion for Reconsideration**

Defendant requests reconsideration of the Court's order denying its motion for summary judgment with respect to the TCPA claim. Defendant asserts that reconsideration is appropriate because Plaintiff, in opposing Defendant's motion for summary judgment, relied upon a district court decision, *Mais v. Gulf Coast Coll. Bur., Inc.*, 944 F.Supp.2d 1226 (S. D. Fla. 2013), that has since been reversed on appeal. *See Mais v. Gulf Coast Coll. Bur., Inc.*, No. 13-14008, 2014 WL 4802457, at *9 (11th Cir. Sep 29, 2014).

In *Mais*, the Eleventh Circuit held that the District Court (1) erred in concluding that a 2008 FCC Ruling with respect to "prior express consent" did not apply to a claim under the TCPA or, in the alternative, (2) erred in entering judgment for the recipient because application of the FCC's 2008 Ruling clearly established that the debtor had given prior express consent to be contacted regarding a delinquent medical account. *Mais*, 2014 WL 4802457, at *1. Specifically, the Eleventh Circuit concluded that the debtor's provision of his cell phone number on a hospital admissions form, which allowed the hospital to release his health information for billing, constituted "prior express consent" under the TCPA. *Id.*, at *9. In so holding, the Court determined that the FCC's 2008 Ruling applies to medical debts with the same force and effect as commercial and retail debts and acknowledged that the "debt collection calls at the heart

15

of the 2008 Ruling are primarily regulated under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692." *Id.*

In its motion for reconsideration Defendant first asserts that the Court strikes Plaintiff's amended response to Request for Admission No. 2, there remains no genuine dispute with respect to the authenticity of Plaintiff's signature on the Consent Form. Defendant further asserts that the effect of the Eleventh Circuit's ruling in *Mais* is to conclusively establish Defendant's affirmative defense of prior express consent and mandate the entry of judgment in its favor.

Assuming without deciding that these two assertions are correct the Court nevertheless concludes that Defendant's motion for reconsideration should be denied. Regardless of the truth of those assertions, the Court's determination that oral revocation is available as a matter of law under the TCPA requires it to further consider whether the facts before it establish oral revocation here. On the record before it the Court finds that whether Plaintiff effectively revoked his consent to be called when he told Defendant to "stop calling" remains a disputed fact. *Compare* (ECF No. 30, ¶¶32 & 33); (ECF No. 58-12, ¶21) *with* ECF No. 46, ¶¶ 33&35); (ECF No. 46-10 at 3.); *see also Osorio,* 746 F.3d at 1256 (concluding that the question of whether oral revocation occurred should "proceed to a jury" where the consumer contended he told the debt collector to "stop calling" but the debt collector denied that he had done so). Therefore, even if Plaintiff's consent to be called is presumed, the dispute regarding revocation precludes the entry of summary judgment for Defendant on the TCPA claim. For this reason Defendant's

motion for reconsideration will be denied and the Court's earlier ruling denying Defendant's motion for summary judgment stands.

Accordingly,

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Clarification is **GRANTED**. (ECF No. 93.)

**IT IS HEREBY ORDERED** that Defendant's Renewed Motion to Strike Plaintiff's Amended Response to Request for Admission No. 2 is **GRANTED.** (ECF No. 94.)

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration is **DENIED**. (ECF No. 97.)

                       *Terry I. Adelman*
                       TERRY I. ADELMAN
                       UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of November, 2014.