THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY BUCHHOLZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV0362 TIA |
| | ) | |
| VALARITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM and ORDER**

This matter is before the Court on the motion of Plaintiff Leroy Buchholz for leave to file a renewed motion for partial summary judgment and Defendant Valarity, LLC's opposition thereto. (ECF Nos. 106 & 107). For the reasons set forth below Plaintiff's motion will be denied.

On February 26, 2013, Plaintiff filed a two-count complaint against Defendant asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) ("TCPA") and the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"). Plaintiff alleged that Defendant, in an attempt to collect a consumer debt and without Plaintiff's consent, placed numerous calls to Plaintiff's cellular telephone using an automated telephone dialing system.

On March 28, 2014, Plaintiff filed a Motion for Summary Judgment with respect to the TCPA claim asserting that the uncontroverted evidence of record established that Defendant placed 233 calls to Plaintiff's cellular telephone using an automated telephone

1

dialing system without Plaintiff's prior express consent; and that 221 of the calls were placed after Plaintiff told Defendant to "stop calling [him]."

On June 26, 2014, this Court issued an Order denying Plaintiff's Motion for Summary Judgment.[1] (ECF No. 90). Thereafter, the parties filed and fully briefed a Joint Motion for Clarification of the Court's June 26, 2014 Memorandum. In its November 21, 2014 ruling on the Motion for Clarification, the Court noted the split among the federal circuits about the availability of oral consent revocation under the TCPA. (ECF No. 102). Recognizing that the Eighth Circuit had not yet addressed the issue, the Court was persuaded by the reasoning of the Third and Eleventh Circuits and concluded as a matter of law that the TCPA permits oral, as well as written, revocation of consent. *Id*. at 14. The Court then determined that, in this case, whether there had been effective oral revocation of consent was a disputed factual question. *Id*.at 16.

The Court based this last determination, in part, on conflicting affidavits offered by Plaintiff and Defendant's representative, John Morgan, with respect to the issue *Compare* ECF No. 30-10, ¶ 21 *with* ECF Doc. No. 46, at ¶ 33. The Court also relied upon transcriptions of several telephone calls Defendant made to Plaintiff. S*ee* ECF No. 46-11 at p. 2-3. In light of the conflicting evidence and testimony as well as the prohibition against credibility determinations on motions for summary judgment, the Court concluded that whether Plaintiff had made an effective oral revocation of consent was a

---

1     By the same Memorandum and Order, the Court also denied as well as Defendant's cross motion for Summary Judgment.

genuine and disputed issue of material fact. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (holding that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions" which a judge may not undertake on a motion for summary judgment) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the present motion, citing specifically to a transcribed telephone calls from January 23, 2012 in which he asks the caller, a representative of Defendant to stop calling him, *see* ECF No. 46-11 at p. 2-3, Plaintiff continues to argue that there is no genuine dispute that he effectively waived his consent under the TCPA. The Court does not agree.

It is well established that "[a] mere scintilla of evidence is insufficient to defeat summary judgment . . . ." but in this case Defendant offers more than inconsequential evidence in its response. *Pedersen v. Bio-Medical App. of Minn.*, No. 14–1284, 2015 WL 64382, at *3 (8th Cir. Jan. 6, 2015) (internal quotation omitted). Here, Defendant, also relying on the telephone transcripts points to evidence that despite repeated attempts Defendant was unable to verify Plaintiff's identity by either telephone or letter. *See* ECF No. 46-11 at p. 2-3. On the basis of this evidence Defendant contends that Plaintiff's purported attempt at revocation was ineffective because Defendant could not know that its representative[s] were in fact speaking to Plaintiff or had reached him by mail at the address they had on file. In other words, Defendant asserts that unless it can be determined who is attempting to revoke consent, revocation cannot be effective.

In the Court's opinion, the evidence Defendant cites gives rise to more than a "metaphysical doubt" concerning the effectiveness of Plaintiff's revocation of consent. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The contentions of each party are plausible and when viewing this evidence in the light most favorable to Defendant, the Court is unable to conclude that "'the record taken as a whole could not lead a rational trier of fact to find for [Defendant]" or that "'there is no genuine issue for trial.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009). Given the conflicting evidence, whether Plaintiff effectively revoked his consent is a question for the jury and not for the Court in this case.

On the basis of the foregoing, the Court is satisfied that the rationale set forth in its November 21, 2014 Memorandum and Order should stand and finds no reason to entertain a renewed motion for summary judgment on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a Renewed Motion for Partial Summary Judgment is DENIED. (ECF No. 106).

Dated this 11th day of February, 2015.

                                                 /s/ *Terry I. Adelman*
                                                 TERRY I. ADELMAN
                                                 UNITED STATES MAGISTRATE
                                                 JUDGE