UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY BUCHHOLZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.4:13-CV-362 (CEJ) ) |
| VALARITY, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss Count II of plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3). Plaintiff has filed a response in opposition and the issues are fully briefed.

## I. Background

Plaintiff Leroy Buchholz filed this action alleging that defendant Valarity, Inc., violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq*., (Count I), and willfully violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*., (Count II), by repeatedly calling his cell phone in connection with an unpaid medical bill. Plaintiff seeks "punitive damages, statutory damages, actual damages, costs, interest, attorney's fees, enjoinder from further violations . . . and any other such relief the court may deem proper and just." *Complaint* [Doc. #1].

On October 23, 2013, defendant served plaintiff with an offer of judgment on Count II, offering (1) $1,000 representing full statutory damages under the FDCPA; (2) $1,000 representing actual damages and (3) reasonable attorney's fees and costs "incurred by Plaintiff to date (to be agreed to by the parties or, if no

agreement is reached, as determined by the Court)." Def. Ex. B [Doc. #143-2]. Plaintiff did not respond to the offer.

Defendant moves to dismiss for lack of subject-matter jurisdiction, arguing that its offer of judgment fully satisfied plaintiff's FDCPA claim and that there is no longer an actual case or controversy with respect to Count II of the complaint.

**II.    Legal Standard**

"In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (internal quotes omitted). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. (internal quotes and citation omitted). Lack of subject-matter jurisdiction cannot be waived, and a court has a duty to ensure it has jurisdiction over a case. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). "Because jurisdiction is a threshold question, the court may look outside the pleadings in order to determine whether subject matter jurisdiction exists." Green Acres Enterprises, Inc. v. U.S ., 418 F.3d 852, 856 (8th Cir. 2005).

**III.   Discussion**

Rule 68 of the Federal Rules of Civil Procedure permits a defendant to offer that judgment be entered against it under specified terms that include the costs then accrued. Fed.R.Civ.P. 68(a). If a plaintiff rejects a Rule 68 offer, and the judgment the plaintiff ultimately obtains is less than the unaccepted offer, "the

2

[plaintiff] must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d). The purpose of Rule 68 is to encourage settlements. Zortman v. J.C. Christensen & Associates, Inc., 870 F. Supp. 2d 694, 696 (D. Minn. 2012) (citing Marek v. Chesny, 473 U.S. 1, 10 (1985)).

The Eighth Circuit "has not decided whether a Rule 68 offer that includes all the relief sought moots an action." Norris v. ARS Nat. Serv. Inc., No. CIV. 11-3579 PAM/TNL, 2013 WL 1760442, at *2 (D. Minn. Apr. 24, 2013). However, "[s]ome [district] courts have . . . determined that a Rule 68 offer that would provide all the relief a plaintiff requests has the effect of mooting the action even if the offer is not accepted." Zortman, 870 F. Supp. 2d at 696; Bell v. Central Transport, LLC, No. 4:14CV1598 RWS, 2015 WL 778785 at *2 (E.D. Mo. Feb. 24, 2015); Jackson v. Cavalry Portfolio Services, LLC, No.4:13CV617 CEJ, 2014 WL 51740 at *3 (E.D. Mo. Feb. 7, 2014); March v. Medicredit, Inc., No. 4:13CV1210 TIA, 2013 WL 6265070 at *1 (E.D. Mo. Dec. 4, 2013).

Defendant argues that its offer of $1,000 for statutory damages, $1,000 for actual damages, and attorneys' fees and costs provides plaintiff with complete relief. For an offer to constitute complete relief, it must afford plaintiff everything that was requested in the complaint. Hernandez v. Asset Acceptance, LLC, 279 F.R.D. 594, 597 (D. Colo. 2012) (citing Deposit Guaranty Nat'l Bank v. Roper, 445 U.S. 326, 341 (1980)).

Plaintiff does not contest defendant's assertion that $1,000 provides complete relief with respect to his statutory damages under the FDCPA. However, he asserts that the offer fails to make adequate recompense for his emotional distress damages and entitlement to attorneys' fees. The court agrees with plaintiff

3

that he may be entitled to recover post-offer fees, which defendant's offer of judgment did not include, and thus does not offer complete relief. The court will not address the parties' arguments regarding damages for emotional distress.

The FDCPA allows recovery for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). District courts that have addressed similar arguments have concluded that, under the FDCPA, a plaintiff is entitled to attorney's fees accumulated after a Rule 68 offer, including those associated with preparing a fee petition and resulting litigation. See, *e.g.*, Zortman, 870 F. Supp. 2d at 697; Hernandez v. Asset Acceptance, LLC, 279 F.R.D. 594, 597–98 (D. Colo. 2012); Andrews v. Prof'l Bureau of Collections of Md., Inc., 270 F.R.D. 205, 207 (M.D. Pa. 2010); Valencia v. Affiliated Grp., Inc., 674 F. Supp. 2d 1300, 1304 (S.D. Fla. 2009).

Here, defendant's offer of judgment included "reasonable attorneys' fees and costs incurred by Plaintiff to date (to be agreed to by the parties or, if no agreement is reached, as determined by the Court)." (emphasis added). The offer did not include post-offer fees and thus did not provide plaintiff complete relief. See Zortman, 870 F. Supp. 2d at 695-97 (offer of judgment that included fees through date of offer did not provide complete relief); Hernandez, 279 F.R.D. at 597 (offer of judgment that included "reasonable attorneys' fees now accrued" did not provide complete relief). Defendant cites Jackson, 2014 WL 51740, and Bell, 2015 WL 778785, to support its argument that its offer adequately embraced all relief requested in plaintiff's complaint. Neither case addressed attorney's fees in considering whether an offer of judgment mooted plaintiffs' claims and, thus, those

4

decisions are not applicable here. The court concludes that the claim in Count II is not moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count II [Doc. #142] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2015.